UNITED STATES DISTRICT
COURT FOR THE Western DISTRICT
OF MICHIGAN

**FILED - MQ**
June 24, 2022 10:27 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mlc SCANNED BY: /s/ 06/24/22

**2:22-cv-135**
**Maarten Vermaat**
**U.S. Magistrate Judge**

Terrence Cennell Moore # 208380
Plantiff,

U.S. DIST COURT: 2-CV-01107
MICH. SUPREME: # 164293
COURT of APPEALS: # 356596
CIR.NO: 20-CV-0616^AH

V

BRYAN MOORRISON (WARDEN)
Defendant.

PETITIONER-PLAINTIFF MOVES THIS FEDERAL DISTRICT
COURT PURSUANT TO 2251^(a)(2) 28 U.S.C. &
AS TO 2241 (C) (3) 28 U.S.C. && POWER
TO GRANT WRIT -- OTHER APPLICABLE AUTHORITY
--- 2244, 2252, 2253 (2000) See Rule 1^*
OF THE Rules GOV. Sec 2254 CASES (2005).

NOTARY_____
COMMISSION EXPIRES_____
STATE of MICHIGAN_ COUNTY of____
DATE: JUNE 16TH 2022
CC: file

APPENDICES:
(A). (B).
(C).

Prepared by: Terrence Moore
/s/ Terrence Terrell Moore
# 208380

A^1

UNITED STATES DISTRICT
FOR THE Western DISTRICT COURT
OF MICHIGAN

Terrence Terrell Moune #208380
                    Plaintiff.
                              U.S. DIST COURT #20-CV-0110T
                              Mich. Supreme #164293
V                             Court of Appeals #356596
                              Cir. No's #20-CV-0616 Att

BRYAN Morrison (Warden)
                    Defendant.

PLAINTIFF-Petitioner Moves Pursuant to 28 U.S.C.
§ 2251 (a) (2) , And 28 U.S.C§ 2241 (c) (3)..
OTher Applicable AUThority Supplemental 2244
,2252,2253 (2000) . . See Rule 1 of the Rules
Gov. Sec 2254 Cases (2005)... 28 U.S.C 1331 .,

Now comes Terrence Terrell Moune, Pursuant
TO 2241 (c) (3) And (HCR) 1.; They Must be
Construed And Administered To Secure The Just,
Speedy, And Inexpensive determination of every
Action And Proceeding . - - Scope of Rules ;

Following :.

     1). CASE NO : 1-20-cv-01107-PLM-RSK
         ECF NO. 8.; Page ID.4 Filed 11/30/20
         Page 1 of 10
                    B²

2). Case Number 2:20cv-12923-VAR-CI ECF No. 4, Page ID.120 Filed 11/17/2020 Page 1 of 4

3). "Ineffective Corrective Process "State" Requiring Exhaustion Would Cause Irreparable Damage To The Petitioner's Federal Rights Because The Petitioner will be Executed Before Exhaustion Procedure CAN be Completed. (Existing Comorbidities)

4). "Requiring Exhaustion Would Cause Irreparable Injury To The Petitioner's Rights For Some Other Reason, Including That Undue delay In The State Courts Risk Mooting The Petitioner's Federal Rights Before He Reaches The Federal Court (Existing Comorbidities)

5). Given The Significant Liberty Interest At Stake, The Time-Sensitivity of Petitioner's Claims, And The Risks To Petitioner Health Posed by Long Haul Affects After Exposure - Where No Determination As To The Merits of Habeas Petitions And Related Complaint Or Any Pending Motions.

B³

6). UNDER THE GENERAL PRINCIPLES SET OUT IN THE PRECEDING THREE SUBSECTIONS, A PERSON IS IN CUSTODY — AND PLAINTIFF NOW FEDERAL HABEAS CORPUS PETITION IS AND REMAIN JUSTICIABLE (i.e. NOT MOOT) THROUGHOUT THE ENTIRE PERIOD REQUIRED TO ADJUDICATE THE PETITION AT TRIAL, ON APPEAL, AND ON CERTIORARI — AS LONG AS, AT THE TIME THE FEDERAL PETITION WAS FILED.. (CUSTODIAL STATUSES).

7) EIGHTH AMENDMENT MAKES CLEAR THAT Reversal of "A DEATH SENTENCE AS AN ATTRIBUTE OR QUALITY PREDICATED ON A PRIOR — AS ART DELAY — NOW A CAPITAL CASE PLAIN-TIFF CLAIMS A DOUBLE JEOPARDY PRINCIPLE TO REMAIN IN A THREAT of HARM WITHOUT APPRISING HIS JURORS of PEERS. 14TH

A COURT Should ASSUME THEIR VERACITY AND THEN DETERMINE WHETHER PLAINTIFF PRESENTED HIS ENTITLEMENT TO RELIEF IN A PLAUSIBLY CONTEXT THAT GIVE RISE TO ENTITLEMENT TO Relief. PRECLUDING Rule 8 (a) (2).

B$^4$

Wherefore, Terrence Terrell Moore, PRAYS THAT THIS Honorable Federal District Court GRANT HIS MOTION PURSUANT TO THE APPlicable AUTHORITY Cited INARTFULLY TO STANd UPON THE Standards And PRINCIPLES Presented AS A Guide FOR THE UNINTErreD JUDGMENT Afforded by A COURT OF LAW. OR WhateveR THIS Honorable Federal Court Deem TO be NECESSARY.

Respectfully SubMiTTed
/S/ Terrence Terrell Moore #208380
Terrence Terrell Moore #208380
Chippewa Correctional Facility
4269 West M-80
Kincheloe, MI. 49784

DATE: June 16TH 2022

NOTARY: _____

COMMISSION expires _____

COUNTY of _____ State of MICHIGAN

I Terrence Terrell Moore _____ SWEAR THAT THE CONTENTS WRITTEN WITHIN ARE TRUE TO THE BEST OF MY ABILITY KNOWLEDGE And Belief. 28 USC § 1746.

cc file

B5

# Table of Contents

Table of Authorities . . . . . . . . . . . — C2

Jurisdictional Statements . . . . . . — C3

Statement of Questions . . . . . — F2

Statement of Facts (Dispositive) . . . . C4

Statement of Derivative Action . . . . C5-8

Relief And Conclusions . . . . . . . . 11#

## Argument 1

(Deviation of Law)   Standards of Review . . . . 1#

Preservation of errors . . 1#

Principle Points . . . . 1#

## Argument 2

(Constitutionality of STK)   Standard of Review . . . . 5#

Preservation of errors . . . 5#

Principle Points . . . . 5#

. . . . Supplementals . . . .

C.1

# Table of Authorities

CASES:                                                                      PAGE:

BRADEN V 30TH CIR. COURT OF KENTUCKY . . . .  3*
    410 U.S. 484 (1973) . .

CASS V STATE 124 Tex CR.R 208, 61 SW 2d 500 . 1

CARAFAS V CAVELLE 391 US. 234 (1968) . . . .  C4.

EX PARTE PARKS, 93 US. 231 (1895) _ _ _ _ . C6.

GARLOTTE V Fordice, 515 U.S. 39, 46 (1995) . 6*

HAINES V Kerner, 404 US. 516 (1972) . . 11*

HARRIS V STATE CORP. COMM. 46 N.M 352, 129 P2d
                    323, 328 . _ _ _ _ _ . 1*

HITCHCOCK V DUGGER, 481 U.S. 393, 395 (1987)
                                    . _ 9*

In Re KEMMLER, SUPRA                              10*

In Re TYLER, SUPRA. 149 U.S. AT 180 . . . . . 6*

KEENEY V TAMYO - Reyes. 504 U.S. 1, 24 (1992) . . 9*

LEHRMAN V GodebAUX SUGARS, 207 Misc 314. 5*

MALENG V COOK, 490 U.S. 488 (1989) . . . C4.

RuMFeld V Padilla 124 SCT 2711, 2723 (2004) 4*

CASES:                                                                PAGES:

S.J. Groves & Sons Co. v West Virginia Turnpike
                    Comm. D.C. W.VA. . . . . .
            164 F. Supp 816, 821 _ _ _ _ _ _    1#

State v Haley, 350 Mo 300, 165 SW2d 422, 427
                                        . . . . 1#

State v Newton, 105 Utah 561, 144 82d 290, 293
                                        . . . . . 3#

State v Thatcher, 108 Utah 63, 57 82d 258, 261
                                        . _ _ _ . . 3#

Thompson v Anderson 107 Utah 331, 153 82d 665
                                    666 _ _ _ _ _ 3#

U.S. v Kis, _____ F3d _____    . _ _ _ _     2#

Waley v Schneckloth, 55 Wash 2d 90, 346 82d
    ⇕                       658, 660 _ _ _ _ 1#

Wesley v Johnson, 316 U.S. 101, 105 (1942) C5

Torres v Milusnic, 472 F. Supp. 3d 713 (2020) - C2

## CONSTITUTIONS

8TH Amendment . _ _ _ _ _ _ _ _ _ _ _ PASSIM
14TH Amendment . _ _ _ _ _ _ _ _ _ _
 9TH Amendment . _ _ _ _ _ _ _ _ _  ↓ 1.

C2 Continue . . . _

5TH AMENDMENT. - - - - - - - - - - - PASSIM

10TH AMENDMENT. - - - - - - - - - - PASSIM

Article VI & 1. - - ~ ~ - - - 5#

## STATUTORY LAWS

28 USC & 2252, 28 USC & 1331,

28 USC & 2251, 28 USC & 2241, .. PASSIM

28 USC & 2244, 28 USC & 2253,

28 USC & 2254, 28 USC & 1746,

28 USC & 2255, 28 USC & 2246,

28 USC & 1352, 28 USC & 2243,

MCL 750.321, MCL 750, 319, - - ~ 2#
MCL 600.4316, MCL 600.4304, MCL 600.4307

## COURT RULES

Fed R. CW P. 9(a). - - - - - - - - - 6#

Fed R. CW P. 38, 43, 52, 60, 26, 37, 56 (e),
              61, 39, 56, (H.C.R.1) ..

Fed R. CW P. 8 (a)(2). - - - - - - - - 2#

- - - CONTINUE

MCR. 3.307, MCR 3.304, MCR. 7.311, --
MCR. 2.614, MCR. 7.310, MCR 7;204, · · 7th
MCR 7.209, MCR. 2.002, MCR. 7. 210 --

<u>MSC</u>.

8TH EDITION LAW DICTIONARY
5TH EDITION LAW DICTIONARY
9TH EDITION LAW DICTIONARY

. . . end

# Jurisdictional Statement

JRaw Gas lighter Ass'n V Ronson corp.,
D.C.N.J., 257 F. Supp. 219, 224; Also
See 27 Ill. App. 3d 292, 326 N.E. 2d 545,
548. - - - 28 U.S.C. 1331 & 2251
(a)(2). ART VII & 28. Federal Questions
The District Courts Shall Have Original
Jurisdiction of All Civil Actions Arising
Under The Constitutional, Laws, or Treaties
of The United States.

Invoking Habeas Corpus Review by a Federal Court Satisfying Two Jurisdictional Requirements:

1) In Behalf of A Person In Custody
   Pursuant To The Judgment of A State
   Court And

2) The Substance Requirement That
   The Petitioner Challenge The Legality
   of That Custody On The Ground That
   It Is "In Violation of The Constitution
   Or Laws Or Treaties of The U.S.

C 3.

## STATEMENT of FACTS
### — DISPOSITIVE —

See ( ORIGINAL COMPLAINT )

CASE NO: 1:20-CV-01107-PLM-RSK
2:20-CV-12923-VAR-CI

( NEW DEVELOPING FACTS )

CASE NO: (STATE)# 20-12-0616 AH
(COURT of APPEALS)# 356596G
(MICHIGAN SUPREME #164293 (52)

AS LONG AS PETITIONER HAD THE REQUISITE
STATUS WHEN THE PETITION WAS FILED, SUB-
SEQUENT CHANGES IN THAT STATUS WILL
NOT MOOT THE PETITION.. See e.g. MALENG
V COOK, 490 US 488, 492 (1989)... CARAFAS
V CAVALLE 391 U.S. 234 (1968).

C 4

# Statement of Derivative Action

As an action is a (Derivative) when the action is based upon a Primary Right of the Corporation (M.D.O.C.)., but is asserted on its behalf by the stockholder (Warden) because of the corporation's failure, deliberate or otherwise, to act upon the primary right. Lehrman v Goodeaux Sugars, 207 Misc. 314, 138 N.Y.S. 2d 163, 168. Procedures in such actions in federal courts is governed by Fed. R. Civil P. 23.1 resulting a derivation.

(Through the writ. Congress has empowered "District courts to be the organ of the higher law rather than a court of Appeals, on exclusively this court" and "has told the district judge to act on those occasions, however rare, when there are Meritorious causes in which Habeas Corpus is the ultimate and only relief and designed to be such"); Waley v Johnston 316 U.S. 101, 105 (1942) ("Writ" extends... to those exceptional cases where the conviction has been in disregard of the constitutional rights of the accused, where the writ is the only means of preserving his rights"). __ __

C5

----; IN Re Tyler, Supra, 149 US. AT 180
("THE WRIT OF HABEAS CORPUS IS NOT TO
PERFORM THE office OF A WRIT OF ERROR
OF APPeaL; but when NO WRIT of error
OR APPeal will lie. If A Petioner is IM-
Prisoned under A Judgment of [ A COURT ]
--- which Had no Jurisdiction of the Per-
SON OR of THE SubJect MATTer, OR AUTH-
ority To Render THE Judgment Complained
OF," Unlawful Restraint "AGAinst THE Extent
And Duration OF Plaintiff Threat And
deliberate indifference of How A New
Sentence AwAy From THE UNFettered
Judgment of A Court of LAW." And
His Right For "His" Jurors of Peers
To be Apprised OF. Then Habeas Con-
Pus Relief MAY be Accorded." (EMPhasis
Added); EXPARte BanKS, 93 US 231 (1895).
(WRIT "is one of THE Modes IN which This
Court exercise Supervisory Power over The
INFerior Courts And Tribunals.

To Locate A Comprehensive ANALysis of
THE WRIT IN Both THE Statutory And case-
LAW Context of federal Questions Plaintiff

---

C 6

... NOTE JURISDICTION AS A WHOLE, ACC-ORDING TO (JUSTICE SPEAKING) TO "THREE DIFFERENT METHODS HAVE BEEN PROVIDED BY STATUTE AND CASELAW FOR BRINGING BE-FORE THE COURTS OF THE UNITED STATES PROCEEDINGS BEGUN IN THE COURTS OF THE "STATES" WHEN NECESSARY TO SECURE THE SUPREMACY OF THE CONSTITUTION, LAWS AND TREATIES OF THE UNITED STATES." Id. at 238. THE FIRST TWO EXTENDED RESPECT-IVELY TO JUDGMENTS ALLEGEDLY CONTRARY TO, AND TO CLAIMS ARISING UNDER, "CONSTITUTION, LAWS OR TREATIES OF THE UNITED STATES.

THIRD WAS HABEAS CORPUS, THE DEVELOPMENT OF (JUSTICE SPEAKING) TRACED FROM THE 1833, BY WHICH CONGRESS ENLARGED FEDERAL REMOVAL JURISDICTION AS TRACED FROM THE 1789 JUDICIARY ACT.. FURTHERED BY OR SECTION 1 OF THE SAME SPEAKING FEBRUARY 5, 1867 ACT CITED IN JUSTICE GRAY'S WRIT OF ERROR DISCUSSION . . AS UNDER THE 1874 REVISED STATUTES" UNIFIED CODIFICATION OF ALL PRIOR HABEAS CORPUS PROVISIONS, FEDERAL JUDGES AND COURTS HAD THE "POWER TO GRANT WRITS OF HABEAS CORPUS .. [TO] ANY PRISONER . . . IN CUSTODY IN VIOLATION OF THE - - - -

C 7.

... Constitution, or of a Law or Treaty of the United States,' and '... shall forth-with award a writ of Habeas Corpus, unless it Appears from the Petition itself that the Party is not entitled thereto." Id. at 239-40 (quoting and Para Phrasing Rev. Stat. tit. 13, Ch. 13, §§ 751-755, 761, 18 Stat. 142-43 (1878) (Recodified and Amended at 28 U.S.C. §§ 2241 (a)-(c) 2243).

[Plaintiff] Speaking now in Pre-Exhaustion Proceedings of Capital Cases. As [Short-Form Merger].. Having A Necessity In Capital Cases Sense to File A federal Habeas Corpus In Particular, If As An Execution date is set And Rapidly Approaching And If The State Courts And All other State Sources of A Stay of Execution Have either Refused or failed After A Reasonable Time To Stay or Postpone the execution Pending completion of A State Proceedings.  [Art Delay of Great Writ.] And Disadvanteges To Plaintiff. In only Speaking One-language Yet Proceeding That Ordinarily Should Proeeede Habeas Corpus. As State 1st Option Given.

c 8.

UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF MICHIGAN

Terrence Terrell Moore #208380
        Plaintiff.

                                    # 20-CV-0107
                    U.S. DIST. COURT:_____
                    Mich. Supreme: # 164293
                    Court of Appeals: # 356596
        v
BRYAN Morrison (Warden) CR. NO: # 20-CV-0616 AH
        Defendant.

NOTICE
PURSUANT TO 28 U.S.C. § 2252

I Terrence Terrell Moore Proceeding IN Behalf of A
Person IN Custody of State officers or BY Virtue
of State Laws Shall be Served on THE
        Attorney General OR OTHER Appropriate officer
of Such State [ MICHIGAN ] AS THE Justice or
Judge . . .

        [ Please TAKE full NOTICE ].

                D¹.

THAT ON June 16th 2022 THE UNDERSIGNED WILL MOVE THIS HONORABLE federal DISTRICT COURT TO GRANT THE WITHIN 28 USC § 1331, IN THE ABOVE ENTITLED CAUSE.

ORAL ARGUMENT IS REQUESTED.

Respectfully Submitted,

/S/ Terrence Terrell Moore

Terrence Terrell Moore #208380
Chippewa Correctional Facility
4269 West M-80
Kincheloe, Michigan #49784

DATE June 16th 2022

I Terrence Terrell Moore SWEAR THAT THE CONTENTS WRITTEN WITHIN ARE TRUE TO THE BEST of MY Ability, Knowledge And Belief. 28 USC § 1746

D²

Supplementals
- See Commonality -

22-01-42$^{AH}$ - 22-02-050$^{AH}$ - 21-10-568$^{AH}$
22-16-889$^{AH}$ - 22-16-887$^{AH}$ - 22-16-888$^{AH}$
21-11-597$^{AH}$ - 21-11-612$^{AH}$ - 21-03-083$^{AH}$
21-03-076 $^{AH}$ - 21-12-618$^{AH}$ - 21-03-128$^{AH}$
21-10-524$^{AH}$ - 21-10-536$^{AH}$ - 21-10-549$^{AH}$
21-11-586$^{AH}$ - 21-11-598$^{AH}$ - 21-11-579$^{AH}$
21-11-580$^{AH}$ - 21-11-605$^{AH}$ - 21-10-551$^{AH}$
21-11-571$^{AH}$ - 21-10-551$^{AH}$ - 21-10-567$^{AH}$


22-03-100$^{AH}$ - 22-16-886$^{AH}$ - 22-16-885$^{AH}$
22-16-895$^{AH}$ - 21-11-604$^{AH}$ - 22-16-913$^{AH}$
Inmate No. 271805 -
    Yet DKT.

9TH Amendment Enumeration - - - -
5TH Amendment - - - - -

F.1.

# Questions Presented

1). Would This Prisoner be Considered
A (Detainee) If Prisoner Have A
Federal (Detainee) Attached As A
Notice, Benefit His Status As A Fed-
eral Prisoner In "State Custody ?

2). Does And Encroachment To Prisoner
Sentence either To Gradually Intrude
Upon His Rights or Property Warrant
Habeas Relief ?

3). Are An Affidavit A Prima Facie Showing
To Warrant Examination Upon Hearing
? Under The Propensity of U.S. v. Kis __
F3d. _____.

F.2

# Argument 1st

Standard of Review: UNUSUAL CIRCUM-
STANCES OR EXTRA ORDINARY CIRCUMSTANCES
LACK of ORIGINAL JURISDICTION TO HEAR
OR deTermINE A CASE CONSTITUES "EXCEP-
TIONAL CIRCUMSTANCES" AS basis for Raising
question for THE first Time ON Habeas Cor-
PUS, Wesley V Schneckloth, 55 WASH. 2d
90, 346 P.2d 658, 660.

Preservation of error: NOT Reasonable;
IMMOderate; EXORBITANT. CASS V STATE,
124 Tex. Cr. R. 208, 61 S.W. 2d 500; CAPRIC-
IOUS; ARBITRARY; CONFISCATORY. HARRIS V
STATE CORPORATION COMMISSION, 46 N.M. 352,
129 P 2d 323, 328.

PRINCIPLE POINT: DEVIATION of LAW -
        DEParTure from ESTABLISHed OR USUAL
Conduct OR Ideology from AN ESTABLISHed
Rule, STANdard OR POSITION. S.J. GROVES & SONS
CO. V WEST VIRGINIA TurnPike COMMISSION,
D.C.W.Va., 164 F.SUPP. 816, 821.

1.

# Discussions

Plaintiff, Looking To Acts Contrary
To Law, And Presupposes That There
Must Be An Existing Law. (For Plaintiff
To Identify) State v Hailey, 350 MO.
300, 165 SW2d 422, 427. As A Violation
Of Some Prohibitory Law And Includes
All Willful, Actionable Violations of The
Plaintiff Civil Rights, And is Not Only
Confined To Criminal Acts... Plain-
Tiff Speaking of "Unlawful Acts"
— Registor Action In Case 21-CV-117
Within The Meanings of Manslaughter
Or 2nd duel To Homicide Statues MCL.
750.321 And 750.319 Consist of Reckless
Conduct Sec. 319 Any Person, being An
Inhabitant or Resident of This State, Who
Shall Be The Second of Either Party In
Such duel As is Mentioned —

Plaintiff, Submitted An Affidavit To A Justice
Of Peace And County Prosecutor Of The State
Of Michigan Under The Propensity of U.S.
V Kis ____ f3d ____

2.

. . . WITH No ReGard of Action . ( AS WITNESS
To FacTS). OR CONDUCT EVINCING MARKed
disReGard For SAfETY of OTHERS And
PLAINTIFF. STATE V NEWTON, 105 UTAH 561,
144 P2d 290, 293; STATE V THATCHER, 108
UTAH 63, 157 P2d 258, 261.

While NecessaRily NOT IMPlYING THE ElEMENT
Of CRIMINALITY, It IS BROAd Enough To Include
It. PLAINTIFF, SpeAKING To His CONfinemenT
WITHIN M.D.O.C. AGAINST LonG Haul AffecTS
of Covid-19 AGAinsT His EXISTING CoMorbidiTies
Of RespiRATORY COMplICATIONS AS Dire Needs
of ARBURTENANCES.

Afforded, THOMPSON V ANderSon, 107 UTAH 331,
153 P2d 665, 666. (CRuel And UNUSUAl Pun-
IshmenT) AS basis fur RAising QuesTions
DispositIve And facts being Jural or
JustICe OR Those ACTS or eventS THAT
Create, MOdIfY or ExTinGuish Jural RelATions.

See i.e. Braden v 30TH Judicial CIRCUIT CourT
Of KentuckY, 410 U.S. 484 (1973). . . .

3.

. . . In Braden, the court made clear that Section 2241 (a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian. So long as the custodian can be reached by service of process, the court can issue a writ "within its jurisdiction" requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is confined outside the courts territorial jurisdiction. Id. at 497-98. . . As Id at 495. Accord Rumsfeld v Padilla, 124 S.ct 2711, 2723 (2004).

The sixth circuit court of appeals described Covid-19 problems as follows:

The Covid-19 virus is highly infectious. Covid fatality rate increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. {severe complications or death.}

4.

# ARGUMENT 2#

Standard of Review: Judicial Power In Court of Justice; Divisions Sec. 1. THE Judicial Power of THE STATE Is Vested EXclusively IN one Court of Justice Which Shall be divided INto one Supreme Court One Court of APPeals, one Trial Court of General Jurisdiction Known AS THE Circuit Court ... And Courts of Limited Jurisdiction .... Article VI &r 1

Preservation of Error: THE Powers NoT Delegated To THE United STATes bY THE Constitution, Nor Prohibited bY it To THE STATes, Are Reserved To THE STATes Respectively, or To THE People. Amendment X

Principle Point:

CONSTITUTIONALITY of STATE
And
PreJudicial DelAY (EXISTence)

2. THE NATure And STATus of "Defenses, And Even its Very EXISTence AGainst PlAinTiff Now STATues of LimitATions Rendered Rule 9(a) ESSENTIALLY MooT:

**5.**

# Discussion

Added, as part of the Antiterrorism and Effective Death Penalty Act of 1996, 28. U.S.C. § 2244 (d) (1) (B).

In short, if three criteria were met: First, the Government had to plead ( in its answer or in some other responding papers ) and prove through documentary or other evidence that the Petitioner delayed initiating State Exhaustion proceedings (or, in the Section 2255 context, delayed filing the motion ). Second, the Government had to plead and prove, and the District Court had to find explicitly, that the Petitioner's (or Section 2255 movant's) delay prejudiced the Government in some particularized way that prevented the Government from Defending against the claims Raised in the Petition (or Section Motion'ed). See, e.g., Carlotte v Fordice, 515 U.S. 39, 46 (1995). ( The State Bears a Heavy Burden under Rule 9 (a) To ‘(1) Make a particularized showing of prejudice, (2) show that the prejudice was caused by the Petitioner having filed a late Petition, and (3) show that the Petitioner has not acted with Reasonable diligence as a matter of law.

6.

- - - AS TO No delAY bY PeTiTioNer /
PlAiNTiff iN THis CAuse of ACTioN.

AS TO delAY of (PeTiTioNer / PlAiNTiff ) iN
ACCess of AppRoAchiNG "THE GreAT WRIT"
EffecTive AND EXPediTioUs PRocess . . .
(UNder excepTioNAl ) (EXTRAordiNARY CIRCUM-
STANces ) UNder NumeRous PRoPeNSITY AUTH-
ORITies. (MCR. 3.303 (7), (MCL 600.4304)
(MCR 3.304), (MCL 600.4307), (MCR 7.209)
(MCL 600.4316), (MCR. 7.204), (MCR. 7210),
(MCR. 7.311), (MCR. 7.310), (MCR 2.002),
(MCR. 2.614) etc. AS TO "STATe STATUTORY" AND
Rule . . . THE CASE fAlls WITHiN A CATEGoRY
of CAses THE SuPreme COURT Has deNomiNATed
"FuNdAmeNTAl MisCARRiAGe of JUSTice." HaviNG
BASiC doCTRiNe GoverNiNG "PRocedURAl ObSTAcles
THAT . . . MUST [Be] overcome before A federAl
COURT MAY Address THE MeRiTs of . . . CoNSTiT-
UTioNAl ClAims (His ACTUAl INNOCeNce) TO A
NeW EVil (ReiTerATed) A SeNTeNce ChanGe of
Life TO EVASive ANSWer of PlAiNTiff DEATH
PeNAlTY TO SUffer AN EXACERbATiNG coNdiTioN
AGAiNST SocieTY evolviNG STANdard of DeceNcy.
- - (Schlup v Delo, 513 u.s. 298 (1995) . . .

7.

--- THE 8TH AMENDMENT PROTECTIONS
AS SO THE 14TH AMENDMENT TO DUE PROCESS
ARE IGNORED TO THESE FACTS ASSERTED;

1). AS TO, NOR CRUEL AND UNUSUAL
PUNISHMENT. . . AND

2). NOR SHALL ANY STATE DEPRIVE ANY
PERSON OF LIFE, LIBERTY, OR PROPERTY,
WITHOUT "DUE PROCESS" OF LAW;
NOR DENY TO ANY PERSON WITHIN ITS
JURISDICTION THE EQUAL PROTECTION OF
THE LAWS.

AS TO "Federal JAWTORY" AND RULES. . .
(Fed. R. Civ. P. 8#), (Fed. R. Civ. P. 37), (Fed.
R. Civ. P. 38), (Fed R. Civ. P. 39), (Fed. R. Civ. P.
43), (Fed. R. Civ P. 52), (Fed R. Civ. P. 56(e)),
(Fed R. Civ. P. 60), (Fed R. Civ. P. 61 (d)), (Fed.
R. Civ. P. 26), (28 U.S.C. § 1343), (28 USC. §
1352), (28 U.S.C. § 2243), (28 U.S.C. § 2246),
(28 U.S.C. § 2241), (28 U.S.C. § 2251)..Etc
To Violative PROPENSITY of Federal LAW. . .
BY STATE ACTORS.
                                    8.

Plaintiff. was ordered to give the State of Michigan it's one Available option to entertain this cause of Action (Habeas corpus) petition as to other Applicable authorities to effectuate its process of a Release or its cause of a denial Such as a preamble to it's operation or effect.

a. Importance of Hearing.

Hearings Are held in A very Small proportion of all Habeas Corpus Cases. Keeney v Tamyo-Reyes, 504 u.s. 1, 24 (1992) But they Are Held in a fairly large proportion of cases, in which Something more Than Summary Review And dismissal takes place. . Hitchcock v Dugger, 481 u.s. 393, 395 (1987).

Considering factors or standards That Warrant Argument:

(1. Newly Discovered evidence
(2. Actual Innocence
(3. Death Penalty
(4. Miscarriage of Justice Inquiry
(5. Standard of Proof - 419F-2d 187 -

9.

. . . As Plaintiff, Forward To Examine, The Elementary Principles That could be Fairly Established by The Government's Obligations To Provide (A Safe environment) (Medical Care) for Those xHtem It Is Punishing by Incanceration. A Plaintiff Must Rely ON Prison Authorities To Treat his Medical Needs As AN ENVIRONMENT THAT doesn't Threating His Health of Unnecessary And Waxton Infliction of Pain To Actually Produce Physical "Torture On A Lingering Death". In Re Kemmler, SUPRA The Evils of Most Immediate concern To The Drafters of The Amendments. As Proscribed by U.S. Const. Amend VIII.

Is The Imposition To Remain In A Lawful Conviction That Became Unlawful In Further Detention Against A Deadly Disease After The Intentional Exposure That Subject Plaintiff To A Death Sentence (Lingering) by Long Haul Affects That Wasn't Imposed Or Attached To (His Sentence) Or His Jurors Wasn't Apprised In This Change In Violation of 8TH And 14TH Amend.

10.

Wherefore, Terrence Terrell Moore, Prays
That This Honorable Federal District Court
For The "Western District" Grant His Mot-
ion Pursuant To All The Applicable Authority
Given In The Propensity of Haines V Kerner
404 U.S. 519 (1972) As Though In Artfully Plead-
ed In Context for The Unfettered Judgment
Of A court of Law Affording Governing
Federal Protections And Principles That's
Set by Previously decided decisions for What-
ever This Honorable Court Deem To be Nec-
essary.

Respectfully Submitted,

DATE: June 16TH, /S/ Terrence Terrell Moore
              2022    #Inmate Number: 208380

I Terrence Terrell Moore swear That The Statements
Made Are True To The Best of My Ability
Knowledge And Belief. 28 USCA 1746 And

11.

( UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF MICHIGAN

Terrence Terrell Moore #208380
              Plaintiff,

                    U.S. DIST. COURT #20-cv-0110ꝝ
    V                MICH. SUPreme #164293
                    Court of APPeals# 356596
BRYAN MORRISON (WArden) CIR. NO. #20-cv-0616^AH
              Defendant,

        Procedure For Removal
        PURSUANT To 28 U.S.C. § 1446

I Terrence Terrell Moore, Moves This Federal DISTRICT
Court UNder The AUTHority PURSUANT To Federal Rule
11 of CIVIL Procedures Under These CirCUMSTances
Following:

        (1). IT is NOT beinG Presented for ANY IMProPer
        PURPOSE, SUCH AS TO HARASS, CAUSE UNNecessary
        delAY, OR Needlessly INCrease THE COST of THE
        LITIGATION;

                                        - - - CONTINUE

                    G 1.

(2). THE CLAIMS, defenses, AND OTHER LeGal
CONTENTIONS Are WARRANTED bY EXISTING
LAW OR bY A NON TRIVOLOUS ARGUMENT FOR
EXTENDING, MODIFYING, OR ReVERSING EX-
ISTING LAW OR FOR ESTAblISHING NEW LAW.

(3). THE FACTUAL CONTENTIONS HAVE EVIDENTIARY
SUPPORT OR, IF SPECIFICALLY SO identified,
WILL LIKELY HAVE EVIDENTIARY SUPPORT AFTER
A Reasonable OPPORTUNITY FOR further
INVESTIGATION OR discovery; AND

(4). THE DeNIAl of FACTUAL CONTENTIONS Are
WARRANTED ON THE EVIDENCE OR, If SPEC-
HICALLY SO Identified, Are Reasonably
based ON belief OR A Lack of INformation.

## STATEMENT of GROUNDS For Removal

ENTITLED TO Relief; AND (3). a demand for THE Relief
SOUGHT, WHICH MAY INClude Relief
IN THE AlternATIVE OR different
TYPES of Relief.

. . . Continue

$G^2$.

Removal of cause: 28 U.S.C. §1441

Jones v Harlan Tex Civ. App 109

S.W. 2d 251, 252 . . . Recall

(Habeas Corpus) (Removal Bond)

————— Plaintiff, Presented The Proportion For Pleading outside labels and conclusions or a formulate recitation of the elements as given a revised Judicial Interpretation From The Highest Court In The Land (U.S. Supreme Court) To discrimatory decisions To Treatment . . . Where Jurist of Reasons (Debatable) could conclude over credit of Bald Assertions or Legal Conclusions give by Plaintiff in His Cause of Action.

by:  1). His Existing comorbidities and all its Subjections To Harm / The Unnecessary Wanton Infliction of Pain. (constitute)

2). Prisoner Arguably Stated That Prisoner Was Committed To M.D.O.C. For Punishment Not Pain. or Suffering (or Lingering Death.

Respectfully Submitted

/S/ Terrence Terrell Moore

Terrence Terrell Moore #208380

Date: June 16th. 2022

I Terrence Terrell Moore, Swear To The Statements That Are Made Are True and Correct To The best of My Ability, Knowledge And belief. 28 U.S.C. §1746

cc: file  T.T.M.
Clerk of The Court
Atty. of Record

G³.

rate of 21 deaths per 10,000 prisoners, according to data from The Marshall Project. New Jersey's prison population is about half the size of MDOC.

Statewide, Michigan ranks sixth in the nation in the number of overall COVID-19 deaths per capita, with four deaths per 10,000 residents, according to The New York Times.

## Calls to release prisoners

Stern said prison systems should do "everything they can to downsize the population" in light of COVID-19 outbreaks.

The Department of Corrections says the parole board is working overtime to accelerate paroles for eligible prisoners who have reached their earliest release date.

Prisoner advocates say that's not enough. They continue to call on Gov. Gretchen Whitmer to use her clemency powers to free elderly and medically vulnerable prisoners who are not likely to re-offend.

"We don't have the death sentence in Michigan," said Monica Jahner, who is formerly incarcerated and works with people returning home from prison through the Ingham County program Advocacy, Reentry, Resources, and Outreach.

Gautz pointed out that of the prisoners who have died, about half were serving life sentences for murder or other serious crimes.

"These are the kind of people that would not have been released under any sort of executive order that could possibly be envisioned," Gautz said.

Hoe of Safe and Just Michigan points to new research out of the University of Michigan that suggests prisoners over the age of 50 who were convicted of violent crimes pose a low risk of recidivism. His group wants Whitmer to use her clemency powers and expand the parole board to process more releases.

G 4.

MR. Terrence Terrell M
ChiPPeWA CoRReCTioNA
4269 WeST - M-
KinCheloe, MiChiGAN #

CleR
UNiTED S
We
330 W

MARQUE



one #208380
FACILITY
O
49784

96⁰
Z 49763
02 4N
0000372921 JUN 22 2022

C OF THE COURT
ATES DISTRICT COURT
SORN DISTRICT
. WASHINGTON ST.
2.0. BOX ᴵᴵ 698
TE, MICHIGAN #49855