UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

TERRENCE TERRELL MOORE,

               Petitioner,

v.

BRYANT MORRISON,

               Respondent.

_____/

Case No. 2:22-cv-135

Honorable Maarten Vermaat

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2241.[1]
Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner
consented to proceed in all matters in this action under the jurisdiction of a United States magistrate
judge. (ECF No. 1, PageID13.) Section 636(c) provides that "[u]pon the consent of the parties, a
full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury
civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253
and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial
review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

---

[1] Although Petitioner brings his action under 28 U.S.C. § 2241, habeas corpus actions brought by
"a person in custody pursuant to the judgment of a State court" are governed by 28 U.S.C. § 2254.
*Id.* Section 2254 "'allows state prisoners to collaterally attack either the imposition *or* the
execution of their sentences[.]'" *Bailey v. Wainwright*, 951 F.3d 343, 348 (6th Cir. 2020) (Stranch,
J., dissenting) (quoting *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006)); *see also Rittenberry
v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006). As a consequence, Petitioner's filing is subject
to all of the requirements that apply to a petition filed under § 2254. Moreover, § 2241 petitions
by state prisoners are subject to the rules governing § 2254 petitions. *See* Rule 1(b), Rules
Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[2] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

---

[2] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207

2

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition for failure to raise a meritorious federal claim.

## Discussion

Petitioner Terrence Terrell Moore is incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility in Kincheloe, Michigan. Petitioner is serving a sentence of life imprisonment for first-degree murder as well as sentences for larceny and weapons offenses. The Oakland County Circuit Court imposed the sentences following a jury's determination that Petitioner was guilty of those offenses.

The present petition does not challenge Petitioner's convictions or his sentences; rather, it challenges his conditions of confinement. Petitioner contends that the consequences of infection by the COVID-19 virus[3] are so severe that the MDOC cannot safely confine him. Therefore, Petitioner asks that he be released.

---

n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[3] In *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020), the Sixth Circuit described the COVID-19 problem as follows:

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and

3

The present petition is not Petitioner's first COVID-19-related habeas petition. On September 15, 2020—when Petitioner was incarcerated at the Lakeland Correctional Facility—Petitioner filed his first such habeas corpus petition with the United States District Court for the Eastern District of Michigan. On November 17, 2020, the Eastern District of Michigan transferred the petition to this Court. That petition alleged that the risk of infection arising from the COVID-19 pandemic rendered Petitioner's continued imprisonment a violation of Petitioner's Fifth Amendment rights.[4] *Moore v. Morrison*, No. 1:20-cv-1107 (W.D. Mich.) (*Moore I*) (Pet., ECF No. 1, PageID.2.) In *Moore I*, Petitioner sought immediate release from the Lakeland Correctional Facility.

The Court noted that Petitioner's first petition raised "conditions of confinement" claims and that such claims were typically and properly raised by a complaint under 42 U.S.C. § 1983. *Moore I* (Op., ECF No. 8, PageID.6–7.) Nonetheless, the Court explained that "where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement." *Wilson*, 961 F.3d at 838. Because Petitioner claimed that no set of conditions of confinement would be constitutionally sufficient that release from confinement was an appropriate remedy and that remedy was available by way of habeas corpus petition. *Moore I* (ECF No. 8, PageID.7–8.)

---

immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson*, 961 F.3d at 833.

[4] Petitioner also stated that his confinement under the present conditions might violate the Eighth Amendment prohibition of cruel and unusual punishments. (Pet., ECF No. 1, PageID.7, 17, 19) ("Multiplicity of punishment exist arising a security issue over a health crisis from a deadly disease that's cruel and unusual . . . " and "Respondents act with deliberate indifference to the excessive risk of harm to Petitioner's health and safety posed by COVID-19" and "Respondent's actions amount to and are intended as further punishment and violate Petitioner's . . . 8th Amendment [rights]").

Although a habeas petition offered the remedy that Petitioner sought, it also carried certain procedural prerequisites, such as exhaustion of state court remedies. Because Petitioner had not exhausted state court remedies before raising his COVID-19 habeas claims in the federal court, the Court dismissed the petition without prejudice. The Court identified three potential procedural paths Petitioner might follow to exhaust his state court remedies: (1) a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.*; (2) a state habeas corpus petition; and (3) a civil action in state court for unconstitutional conditions of confinement. *Moore I* (Op., ECF No. 8, PageID.10.)[5]

Petitioner returned to the state court. He filed a petition seeking habeas corpus relief in the Branch County Circuit Court. That court denied relief by order entered February 26, 2021. *See* https://www.courts.michigan.gov/c/courts/coa/case/356596 (visited Aug. 10, 2022). Petitioner appealed that denial to the Michigan Court of Appeals. That court also denied relief, concluding that state habeas relief was only available for a radical defect in the jurisdiction of the convicting court. *Moore v. Lakeland Corr. Fac. Warden*, No. 356596, 2022 WL 2277346 (Mich. Ct. App. Jun. 23, 2022).[6] Petitioner has since filed an application for leave to appeal the court of appeals' decision to the Michigan Supreme Court. *See* https://www.courts.michigan.gov/c/courts/coa/case/ 356596 (visited Aug. 10, 2022). That application has not yet been decided; thus, Petitioner has still not exhausted his state court remedies.

The state court of appeals decision regarding the limited scope of state habeas corpus relief suggests that relief for a COVID-19 conditions-of-confinement claim might not be available

---

[5] The Sixth Circuit Court of Appeals has since identified the same three possible state remedies. *See Whitley v. Horton*, No. 20-1866, 2020 WL 8771472, at *1 (6th Cir. Dec. 11. 2020) ("Whitley can file a postconviction motion, a state habeas corpus petition, or a state civil action, in which he can raise the claims raised in his present petition.").

[6] Petitioner filed this petition before the Michigan Court of Appeals issued its decision.

through that procedural path.[7] Petitioner contends there is no viable and effective path and asks the Court to excuse his failure to exhaust state court remedies. Whether or not Petitioner has exhausted his state court remedies, whether or not the Court excuses a failure to exhaust, and whether or not there is an available state court remedy, because Petitioner's claim lacks merit, the Court will dismiss the petition.[8]

A lot of things have changed since Petitioner filed his first petition. First, there are vaccines now available that greatly reduce the risk of serious medical harm from COVID-19 infection. Second, it is now clear that Petitioner has been infected with COVID-19 at least once. *See Moore et al. v. Whitmer et al.*, No. 1:21-cv-117 (W.D. Mich.) (Op., ECF No. 150). Moreover, Petitioner has twice filed Eighth Amendment claims against MDOC Defendants regarding COVID-19-related conditions of confinement and this Court has twice concluded that Petitioner's allegations fail to state a claim. *Id.*; *Moore v. Washington*, No. 1:20-cv-1184 (W.D. Mich.) (Op., ECF No. 6). Third, Petitioner is no longer housed at the Lakeland Correctional Facility and he does not allege that there are presently any active COVID-19 infections at the Chippewa Correctional Facility where he is currently housed. Information published by the MDOC states that there are no active infections at Chippewa. *See* https://www.michigan.gov/corrections/covid-19 (last visited Aug.10,

---

[7] Indeed, that also appears to be true with regard to motions for relief from judgment under Michigan Court Rules 6.500 *et seq. See, e.g.*, *People v. Sanders*, No. 08-K-14013-FH (Ionia Cnty. Cir. Ct. Mar. 30, 2021); *People v. Sanders*, No. 357525 (Mich. Ct. App. Sep. 9, 2021); *People v. Sanders*, No. 163659 (Mich. Apr. 5, 2022), all available at *Sanders v. MaCauley*, No. 1:22-cv-344 (W.D. Mich.) (Order, ECF No. 1-1, PageID.17–20). Thus, a civil action seeking release for unconstitutional conditions of confinement may be the only "available" state court remedy for a COVID-19 conditions-of-confinement claim.

[8] Although the habeas statute does not allow the Court to grant relief absent exhaustion, 28 U.S.C. § 2254(b)(1), "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

2022). Thus, the risk that purportedly rendered Petitioner's continued incarceration at Lakeland unconstitutional during the fall of 2020 is not the same risk he faces today.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). The deliberate-

7

indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

Moreover, because Petitioner has raised his Eighth Amendment claim by way of a habeas petition, Petitioner must make the additional showing that there are no conditions of confinement sufficient to prevent irreparable injury. That is a particularly difficult showing where Petitioner has already realized the risk he contends would irreparably injure him.

Petitioner notes that he is medically vulnerable and suggests that, for that reason, COVID-19 infection is life-threatening. But he offers nothing in his petition regarding the present conditions of his confinement. Indeed, he specifically references conditions of confinement he has faced in the past—he even named as the Respondent the warden at Lakeland rather than the warden at Chippewa. This Court has previously determined, however, that the conditions of confinement at Lakeland, even when expressed over pages and pages of allegations in complaints under 42 U.S.C. § 1983, do not constitute a violation of the Eighth Amendment.

In short, accepting as true Petitioner's scant allegations regarding the risk of COVID-19 infection where he is presently housed, he has not alleged facts that support an inference that

Respondent has been deliberately indifferent to a risk of harm to Petitioner. He has also failed to allege facts that support an inference that, in light of the risk of harm he presently faces, there are no conditions of confinement sufficient to prevent irreparable injury. Therefore, Petitioner has failed to present a meritorious claim for habeas corpus relief. Accordingly, the Court will dismiss the petition.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's application is properly denied for lack of merit. To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Applying this standard, this Court finds no basis for issuance of a certificate of appealability. The Court has already rejected Petitioner's claims of constitutional error under the standards set forth in the Antiterrorism and Effective Death Penalty Act. The Court finds that

reasonable jurists could not conclude that this court's dismissal of Petitioner's claims was debatable or wrong, and therefore, the Court will deny Petitioner a certificate of appealability.

Moreover, for the same reasons the Court will deny a certificate of appealability, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### Conclusion

The Court will enter an order and judgment dismissing the petition for lack of merit and denying a certificate of appealability.

Dated:   August 29, 2022                          /s/ *Maarten Vermaat*
                                                  Maarten Vermaat
                                                  United States Magistrate Judge