# United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 02/22/2023.

**Case Name:** Terrence Moore v. Bryan Morrison
**Case Number:** 22-1826

**Docket Text:**
ORDER filed: this court DENIES Moore's motion for a certificate of appealability [6876262-2] and DENIES AS MOOT his motion for leave to proceed in forma pauperis [6880137-2]. Jeffrey S. Sutton, Chief Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description: Order

**Notice will be sent to:**

Mr. Terrence Terrell Moore
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

**A copy of this notice will be issued to:**

Ms. Ann E. Filkins

No. 22-1826

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 22, 2023
DEBORAH S. HUNT, Clerk

TERRENCE TERRELL MOORE,

    Petitioner-Appellant,

v.

BRYAN MORRISON, Warden,

    Respondent-Appellee.

O R D E R

Before: SUTTON, Chief Judge.

    Terrence Terrell Moore, a pro se Michigan prisoner, appeals a magistrate judge's judgment dismissing his habeas petition filed under 28 U.S.C. § 2241. Moore moves this court for a certificate of appealability and for leave to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 22(b), 24(a)(5).

    Moore is serving a life sentence for first-degree premeditated murder. In September 2020, Moore, then confined at the Lakeland Correctional Facility, filed a § 2241 habeas petition seeking his immediate release from prison on the basis that his confinement violated his constitutional rights by exposing him to a high risk of contracting COVID-19. Upon preliminary review, the district court dismissed Moore's habeas petition without prejudice for failure to exhaust his available state-court remedies.

    In June 2022, after filing a habeas petition in state court, Moore filed another § 2241 habeas petition. Moore, then confined at the Chippewa Correctional Facility, asserted that the long-terms effects of his "intentional exposure" to COVID-19 had subjected him to a "death sentence" in violation of his rights under the Eighth and Fourteenth Amendments. Moore consented to have the magistrate judge conduct all proceedings in the case. Upon preliminary review, the magistrate judge dismissed Moore's habeas petition on the merits and declined to issue a certificate of appealability.

No. 22-1826
- 2 -

This timely appeal followed. Moore now moves this court for a certificate of appealability. *See Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020) (requiring a certificate of appealability "for all state-prisoner habeas appeals"). To obtain a certificate of appealability, Moore must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

This court has recognized that a habeas petition seeking release from confinement on the basis that "there are no conditions of confinement sufficient to prevent irreparable constitutional injury" is cognizable under § 2241. *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020). An Eighth Amendment claim based on prison conditions requires an inmate to "show that he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials "know[] of and disregard[] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). As the magistrate judge pointed out, Moore's habeas petition failed to provide any facts about his present conditions of confinement. Moore specifically failed to allege any facts to support the inference that prison officials have been deliberately indifferent to the risk to his health or that "no conditions of confinement [are] sufficient to prevent irreparable constitutional injury." *Wilson*, 961 F.3d at 838. Reasonable jurists therefore could not disagree with the magistrate judge's conclusion that Moore failed to present a meritorious claim for habeas relief under § 2241.

Accordingly, this court **DENIES** Moore's motion for a certificate of appealability and **DENIES AS MOOT** his motion for leave to proceed in forma pauperis.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk